UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff/Respondent, )<br>)<br>v. )<br>)<br>DAVID GILES, )<br>)<br>Defendant/Movant. ) | No. 3:16-CR-4-GFVT-HAI<br><br>RECOMMENDED DISPOSITION |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

By motion docketed August 14, 2017, *pro se* Movant David Giles moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. D.E. 81. Giles claims that his sentence is not being executed properly because he is unable to participate in the Bureau of Prison's ("BOP") Residential Drug Assistance Program ("RDAP") and therefore the Court's intended sentence is impossible to carry out. D.E. 81-1 at 1. He seeks a reduced sentence.

After conducting an initial review of the Motion per Rule 4 of the Rules Governing Section 2255 Proceedings, the Court finds that District Judge Van Tatenhove made a non-binding recommendation that Giles participate in RDAP, therefore Giles's inability to participate in the program does not affect the validity of his sentence. The Court recommends that the motion be denied.

### I.  Procedural Background

Movant was indicted in March 2014 on a violation of 33 U.S.C. § 1319(c)(2)(A), Knowing Discharge of Raw Sewage into Water of the United States. D.E. 1. District Judge Van Tatenhove conducted a three-day jury trial, after which the jury found Movant guilty. D.E. 61-63. Movant filed a motion for acquittal or a new trial based on insufficient evidence to support

the verdict and the District Court denied the motion. D.E. 64, 67. On October 14, 2014, Judge Van Tatenhove entered a judgment upon a guilty verdict and sentenced Movant to thirty months of imprisonment and one year of supervised release. D.E. 71. Movant appealed the District Court's denial of his motion for acquittal or a new trial to the United States Court of Appeals for the Sixth Circuit. D.E. 72. The Sixth Circuit affirmed the District Court's denial on August 30, 2017. D.E. 83 at 1.

In his motion, Movant states that events subsequent to his sentencing have rendered the sentence imposed and understood by the court and the parties to be impossible to carry out. He seeks resentencing and requests the court to reduce his sentence by twelve months. Specifically, Movant alleges that Judge Van Tatenhove told him at his sentencing on October 14, 2014, that he could receive a twelve-month reduction in his sentence if he participated in the Residential Drug Abuse Program ("RDAP"). In the Judgment, Judge Van Tatenhove states, "[t]he court makes the following recommendations to the Bureau of Prisons: That the defendant be designated to and serve his sentence at the Bureau of Prisons facility that is closest to his home of record[;] That the defendant participate in the 500-Hour RDAP Program." D.E. 71 at 2. However, Federal Correctional Institution-Terre Haute ("FCI-Terre Haute"), where Movant is incarcerated, apparently only allows prisoners to participate in RDAP if they are convicted of a drug-related offense. Because Movant was convicted of a non-drug-related offense, he is ineligible per the institution's policy.

Movant also claims that, although he has filed a request for an administrative remedy with the BOP, their dilatory response will render his motion moot because his sentence will expire before the request is answered. In January 2016, Movant filed an administrative remedy with the Bureau of Prisons, seeking transfer of institutions or admission into the program.

According to Movant, this is the first of three levels of requests available to him. On July 11, 2017, Movant received a response indicating that his resubmitted form had been accepted. D.E. 81-2 at 3. Movant also submitted an electronic mail chain between him and the Administrative Remedy Coordinator from July 19, 2017, until August 8, 2017, in which he requests an answer to his request for an administrative remedy. D.E. 81-2 at 2. Movant indicates that, as of August 10, 2017, he had not received an answer.

## II. Analysis

Section 2255 provides that a federal prisoner may seek habeas relief because his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. The Court evaluates the motion under a more lenient standard because Movant is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage in the proceedings, the Court accepts Movant's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). After reviewing the motion, the Court recommends that it be denied because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4 of the Rules Governing § 2255 Proceedings.

Judge Van Tatenhove made a recommendation that Movant participate in RDAP. This recommendation is not binding upon the BOP and does not affect the validity of the sentence imposed. When a court sentences a defendant, the BOP has "plenary control" over the "'place of the prisoner's imprisonment,' and the treatment programs (if any) in which they participate." *Tapia v. United States*, 564 U.S. 319, 331 (2011) (citing 18 U.S.C. §§ 3621(b), (e), (f); 3624(f); 28 C.F.R. pts. 544, 550 (2010)). Additionally, "[a] sentencing court can *recommend* that the

BOP place an offender in a particular facility or program. But decisionmaking authority rests with the BOP." *Tapia*, 564 U.S. at 331 (citing 18 U.S.C. § 3582(a)); *see also Laws v. Barron*, 348 F. Supp. 2d 795 (E.D. Ky. 2004) (upholding BOP's determination of RDAP eligibility). Thus, although Judge Van Tatenhove recommended in the Judgment that Movant "participate in the 500-Hour RDAP Program" and explained the early release characteristics of the program to him, this was only a recommendation and the BOP has the decisionmaking authority to determine whether he may participate.

To the extent that Movant challenges the BOP's determination with respect to his participation in RDAP on constitutional grounds, any such challenge fails as a matter of law, as he does not have a constitutional right to participate in RDAP. *Standifer v. Ledezma*, 653 F.3d 1276, 1279-80 (10th Cir. 2011) (upholding BOP's restriction on RDAP admittance and stating that there is no constitutional right to participate in RDAP).

### III. Conclusion

The record plainly establishes that Giles's inability to participate in the program does not affect the validity of his sentence because District Judge Van Tatenhove made a non-binding recommendation that he participate in RDAP. Accordingly, the undersigned **RECOMMENDS** that the Motion (D.E. 81) be **DENIED**.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of

further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 21st day of September, 2017.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge