UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Crim. No.: 3:16-cr-0004-GFVT-HAI |
| | ) | Related Civil No.: 3:17-cv-0064-GFVT-HAI |
| V. | ) | |
| | ) | |
| DAVID GILES, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendant/Petitioner. | ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 84.] The Defendant, David Giles, has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [R. 81.] Consistent with local practice, Judge Ingram reviewed the motion and ultimately recommends that the Court deny the Defendant's § 2255 motion in its entirety.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Defendant Giles filed timely objections to the Recommended Disposition. [R. 87.] The Court acknowledges its duty to review Giles's filings under a more lenient standard than the one applied to attorneys because Giles is proceeding pro se. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). Under this more lenient construction, the objections are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Giles's objections will be **OVERRULED**.

**I**

Judge Ingram's Recommended Disposition accurately sets forth the factual and procedural background of the case. The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Ingram's discussion of the record into this Order.

In March 2014, Giles was indicted on a violation of 33 U.S.C. § 1319(c)(2)(A), the Knowing Discharge of Raw Sewage into Water of the United States. [R. 1.] This Court held a three-day jury trial where the jury convicted Giles of the charges. [R. 61-63.] Giles moved for acquittal or, in the alternative, a new trial on the basis that the Government presented insufficient evidence at trial to sustain the conviction; this Court denied both motions. [R. 67.] On October 14, 2014, this Court entered a judgment upon a guilty verdict, sentencing Giles to thirty (30) months of imprisonment followed by one year of supervised release. [R. 71.] Giles appealed this Court's denial of his motion for acquittal and denial of his motion for a new trial to the United States Court of Appeals for the Sixth Circuit; the Court of Appeals affirmed this Court's opinion on August 30, 2017. [R. 72, 83.]

During sentencing, this Court recommended to the Bureau of Prisons ("BOP"), "That the defendant be designated to and serve his sentence at the Bureau of Prisons facility that is closes to his home of record[;] That the defendant participate in the 500-Hour RDAP [Residential Drug Abuse Program] Program." [R. 71 at 2.] Giles is incarcerated at Federal Correctional Institution-Terre Haute ("FCI-Terre Haute"), and Giles claims FCI-Terre Haute allows prisoners to participate in RDAP only when the prisoner was convicted of a drug-related offense. [R. 81-1 at 3.] Because Giles is not incarcerated as a result of a drug-related offense, he has not been permitted to participate in RDAP at FCI-Terre Haute.

## II

Defendant Giles claims his sentence has not been executed properly because of his inability to participate in the BOP's RDAP, and therefore, it is impossible to carry out the Court's intended sentence. [R. 81-1 at 1.] Giles moves for a reduced sentence. Judge Ingram thoughtfully considered each of these claims and found this Court's recommendation of participation in RDAP was a non-binding recommendation; thus, Giles's inability to participate in RDAP does not invalidate his sentence. This Court is in agreement with Judge Ingram's conclusions.

Mr. Giles's sole objection is to Judge Ingram's application of the law. He claims, "Confinement in the wrong institution falls within the ambit of § 2241 habeas corpus relief, because it concerns the unlawful imposition of physical confinement." [R. 87 at 3.] He cites to *Preiser v. Rodriguez*, 411 U.S. 475 (1973), to allege that his confinement in the "wrong institution," one which does not permit non-drug offenders to attend RDAP, constitutes this "unlawful imposition of physical confinement." *Id.* However, *Preiser* concerns the cancellation of good-conduct-time credits that inmates had already earned, not confinement in an institution

3

that does not award comparable credits. 411 U.S. at 477–78. Mr. Giles never earned any credits, nor did BOP cancel any credits, thus, *Preiser* does not apply in this case. Instead, this Court finds the same result as Judge Ingram determined: this Court's recommendation that Mr. Giles participate in RDAP is not binding on the BOP. [R. 84 at 4.]

> When a court sentences a defendant, the BOP has "plenary control" over the "'place of the prisoner's imprisonment,' and the treatment programs (if any) in which they participate." *Tapia v. United States*, 564 U.S. 319, 331 (2011) (citing 18 U.S.C. §§ 3621(b), (e), (f); 3624(f); 28 C.F.R. pts. 544, 550 (2010)). Additionally, "[a] sentencing court can *recommend* that the BOP place an offender in a particular facility or program. But decisionmaking authority rests with the BOP." *Tapia*, 564 U.S. at 331 (citing 18 U.S.C. § 3582(a)); *see also Laws v. Barron*, 348 F. Supp. 2d 795 (E.D. Ky. 2004) (upholding BOP's determination of RDAP eligibility).

*Id.* Therefore, when this Court recommended participation in RDAP, it was merely a recommendation, not an order. Nor does an inmate have a constitutional right to participate in RDAP. *Mann v. Snyder-Norris*, No. 16-cv-88-HRW 2017 WL 3220442, at *2 (E.D. Ky. July 28, 2017) (citing *Standifer v. Ledezma*, 653 F. 3d 1276, 1279 (10th Cir. 2011); *see also Kuban v. Snyder-Norris*, No. 16-cv-52-HRW 2017 WL 2609037, at *2 (E.D. Ky. June 15, 2017). Mr. Giles's claims and objections fail as a matter of law and must be overruled.

### III

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Ingram's thorough analysis of Mr. Giles's claims. The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . ." Rules Governing Section 2255 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court,

this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See *Slack v. McDaniel,* 529 U.S. 473, 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this order, which adopts and incorporates by reference the Magistrate Judge's Recommendation, is not debatable enough to issue a certificate of appealability. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant/Movant David Giles's Objections to the Recommended Disposition [**R. 87**] are **OVERRULED**;

2. The Magistrate Judge's Recommended Disposition [**R. 84**] is **ADOPTED** as and for the Opinion of this Court;

3. The Defendant's Motion to Vacate under § 2255 [**R. 81**] is **DISMISSED WITH PREJUDICE**;

4. Defendant's Motion to Expedite is **DENIED** as **MOOT** [**R. 85**];

5. A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

6. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 1st day of February, 2018.

Gregory F. Van Tatenhove
United States District Judge